IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KEMBA GALLIMORE,<br><br>   Plaintiff,<br><br>v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | *<br>*<br>*<br>*<br>*   Civil Case No. RDB-15-1444<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

Plaintiff Kemba Gallimore filed this action *pro se* seeking review of the decision of the Social Security Administration ("SSA") to deny her claim for Supplemental Security Income ("SSI"). [ECF No. 1]. The SSA has filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Ms. Gallimore failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 13]. Pursuant to Standing Order 2014-01, this case has been referred to me for Report and Recommendation on the dispositive motion. Plaintiff has not filed an opposition to the motion.[1] No hearing is deemed necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, I recommend that the SSA's motion to dismiss be granted.

**I.    Facts**

In April 2012, Ms. Gallimore filed for disability benefits with the SSA. [ECF No. 13-2, at 4(a)]. Her claim was denied initially and on reconsideration. *Id.* Ms. Gallimore then filed a

---

[1] On the date the SSA filed its motion, the Clerk's Office mailed a Rule 12/56 letter to Ms. Gallimore. [ECF No. 14]. That letter advised Ms. Gallimore that a failure to oppose the Commissioner's motion could result in dismissal of her case. *Id.*

written request for a hearing on March 15, 2013. [ECF No. 13-2, Exh. 1]. On August 19, 2014, the SSA mailed a "Notice of Hearing," which scheduled the hearing for September 12, 2014. [ECF No. 13-2, Exh. 2]. A reminder notice was sent on August 29, 2014, [ECF No. 13-2, Exh. 3], and the SSA also tried to contact Ms. Gallimore by phone to notify her of the hearing. [ECF No. 13-2, Exh. 4]. Despite these efforts, Ms. Gallimore did not appear at the hearing. *Id.* On September 15, 2014, the SSA sent a "Notice to Show Cause for Failure to Appear," but Ms. Gallimore did not respond within the required ten days. [ECF No. 13-2 at 17]. On October 17, 2014, the Administrative Law Judge ("ALJ") dismissed Ms. Gallimore's request for hearing pursuant to 20 C.F.R. § 416.1457(b), citing her failure to appear and lack of good cause. *Id.*

Ms. Gallimore filed the instant lawsuit on May 20, 2015.[2] [ECF No. 1].

## II.  Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

---

[2] Even if jurisdiction otherwise existed in this case, any request for review must be received in this Court within sixty days of receipt of the SSA's decision. *See* 42 U.S.C. § 405(b)(2). In this case, Ms. Gallimore did not file suit until seven months after the SSA dismissed her request for hearing.

**III.   Discussion**

The SSA argues that this Court does not have jurisdiction over Ms. Gallimore's claim because she failed to exhaust administrative remedies and is not appealing from a final order. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h).  Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . ." 42 U.S.C. § 405(g). The ALJ dismissed Ms. Gallimore's claim pursuant to 20 C.F.R. § 416.1457(b), which allows an ALJ to dismiss a claim if the claimant fails to appear for her hearing. This Court must determine whether the Appeals Council's decision to uphold the ALJ's dismissal constitutes a "final decision" that may be reviewed in federal court.

The Fourth Circuit has considered a similar issue, and held that an Appeals Council's refusal to review an ALJ's dismissal of an untimely request for review did not constitute a final decision that would confer jurisdiction upon the district court because the claimant, in failing to properly request review of his case, had failed to exhaust his administrative remedies. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The court reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable." *Id.* (citing *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)).[3]  Moreover, the Fifth Circuit has ruled on an

---

[3] Others courts have held that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing because the claimant cannot meet the "after a hearing" requirement. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003). Ms. Gallimore's claim was

analogous set of facts to those presented here, and held that federal courts do not have jurisdiction over an appeal from an Appeals Council decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558-59 (5th Cir. 1992). The court reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction." *Id.* at 562; *see Estate of Lego v. Leavitt*, 244 Fed. Appx. 227, 232 (10th Cir. 2007) (holding that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457."). Because Ms. Gallimore's claim was dismissed due to her failure to appear at her hearing, this Court lacks jurisdiction to hear her claim.

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss [ECF No. 13] be granted. I direct the Clerk to mail a copy of this Report and Recommendation to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

---

dismissed without a hearing, and therefore, her claim also fails to meet the "after a hearing" requirement of 42 U.S.C. § 405(g).

Dated:  August 28, 2015                                          /s/
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge